PROB 12A
(7/93)

Wodzinski

# United States District Court
## for
## Eastern District of New York
### Report on Offender Under Supervision

Name of Offender: Jack Biondolillo                     Case Number: 04 CR 806

Name of Sentencing Judicial Official:   The Honorable Kenneth Marra, U.S. District Court Judge
                                        for the Southern District of Florida

Name of Current Judicial Officer: The Honorable Dora Irizarry, U.S. District Court Judge
                                  for the Eastern District of New York

Date of Original Sentence: February 7, 2003

Date of Transfer of Jurisdiction: September 10, 2004

Original Offense:    18 U.S.C. 922(g)(1), Felon in Possession of a Firearm, a class D felony

Original Sentence:   21 months custody and 2 years supervised release with special conditions requiring the offender to participate in a substance abuse treatment program, maintain full-time employment, and permit a warrantless search and seizure. A special assessment fee of $100 was also ordered.

Sentence Modified:   January 3, 2006: In response to the offender's August 2005 DWI arrest, the Court ordered a one year extension of supervised release and also ordered the offender to serve a 120 day term of home confinement.

Type of Supervision: Supervised Release          Date Supervision Commenced: August 11, 2004

===============================================================================

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

**Violation Number**       **Nature of Noncompliance**

1.                         Failure to Attend Scheduled Drug Treatment Sessions

RECEIVED
in Chambers of:
U.S. District Judge
DORA L. IRIZARRY

JUN 2 0 2006

**U.S. Probation Officer Action:**

The offender began his term of supervised release in August 2004. Because he had been ordered by the sentencing judge to participate in a drug treatment program, our Department referred him to a local out-patient substance abuse treatment program for three months. After his August 2005 arrest for Driving While Intoxicated (DWI), he was remanded into New York State custody on a parole violation. Upon his release in December 2005, he resumed his term of supervised release and was referred back to the treatment program that he had previously attended.

As part of his treatment regimen, he was required to attend a weekly group counseling session specifically geared towards those arrested for drunk driving. Between February and May 2006, the offender failed to attend several of these scheduled sessions despite being verbally reprimanded by both the probation officer and his counselor. Finally, on May 12, 2006, the undersigned issued him a written reprimand and was advised that the Court would be notified of his non-compliance. Since this measure was taken, the offender has been fully compliant in terms of attendance.

He is due to complete the DWI group counseling sessions this month. The mandate for treatment, however, will continue because the probation officer is not yet confident that he's made sufficient progress in treatment. He admits that he is still drinking socially and fails to acknowledge having any problem with alcohol. His passive resistance has undoubtedly been emboldened by his local DWI case having been dismissed by the New York City Criminal Court in Richmond County; the local district attorney's office failed to indict him in a timely manner.

The offender satisfied the term of home confinement on June 1, 2006. He was fully compliant with his schedule and curfew. He is employed full-time as a project manager for a moving company that focuses on relocating small- and medium-sized businesses. He reports that the aforementioned missed treatment sessions were due to overtime work. Yet, the electronic monitoring program clearly shows that he arrived home just a short time after his scheduled groups began.

The offender will continue receiving treatment at the program for at least a another few months. Additionally, the probation officer will increase late evening and weekend home visits to ensure he is not abusing alcohol. The Probation Department respectfully recommends that Your Honor not take any further action at this time. In the event that the undersigned finds the offender continuing to abuse alcohol, we will aggressively pursue further intervention.

by, _____
Christopher Wodzinski
Senior U.S. Probation Officer
(347)534-3550/(917)662-9390

Respectfully submitted,
_____
Lawrence M. Cavagnetto
Supervising U.S. Probation Officer
Date: 6/16/06

☒ The Court approves the intended course of action.

☐ Other:_____

Dora L. Irizarry          USDJ      June 29, 2006
Signature of Judicial Officer                Date